**REED SMITH LLP**
Diane A. Bettino, Esq.
Natsayi Mawere, Esq.
Victoria R. Serigano, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. (609) 514-5962
Fax (609) 951-0824
*Attorneys for Plaintiff-Petitioner JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff-Petitioner,<br><br>v.<br><br>MARTIN PIOTR NOWAK and CONTINENTALIS DIVITIAE EXPRESS TRUST,<br><br>Defendants-Respondents. | Civil Action No.: 23-CV-6834<br><br>DOCUMENT ELECTRONICALLY FILED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-PETITIONER'S MOTION FOR VACATUR ORDER, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|---|
| ARGUMENT | | | 3 |
| I. | CHASE IS ENTITLED TO VACATUR OF THE FRAUDULENT AWARD | | 3 |
| | A. | The Fraudulent Award Must Be Vacated Under New York Law | 3 |
| | B. | The Fraudulent Award Must Be Vacated Under Federal Law | 4 |
| II. | CHASE IS ENTITLED TO A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER | | 5 |
| | A. | Chase Is More Than Likely To Prevail On Its Underlying Claims | 6 |
| | B. | Chase Will Suffer Irreparable Harm | 7 |
| | C. | The Equities Weigh Decisively In Chase's Favor | 8 |
| CONCLUSION | | | 10 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abate v All-City Ins. Co.*,
214 AD2d 627 [2d Dept 1995] ...................................................................................................7

*Abdul Wali v Coughlin*,
754 F2d 1015 [2d Cir 1985]......................................................................................................6

*Aetna Insurance Co. v Capasso*,
75 NY2d 860 [1990] .................................................................................................................5

*Bisca v Bisca*,
108 Misc 2d 227 [Sup Ct, Nassau County 1981].....................................................................7

*Cavanaugh v Looney*,
248 US 453 [1919].....................................................................................................................7

*D.H. Blair & Co. v Gottdiener*,
462 F3d 95 [2d Cir. 2006]..........................................................................................................4

*Hackett v Milbank, Tweed, Hadley & McCloy*,
86 NY2d 146 [1995] .................................................................................................................3

*Hall St. Assocs. L.L.C. v Mattel, Inc.*,
552 US 576 [2008].....................................................................................................................4

*Headquarters BuickNissan, Inc. v Michael Oldsmobile*,
149 AD2d 302 [1st Dept 1989].................................................................................................5

*Klein, Wagner & Morris v Lawrence A. Klein, P. C.*,
186 AD2d 631 [2d Dept 1992] .................................................................................................8

*LaRouche v Kezer*,
20 F3d 68 [2d Cir 1994].............................................................................................................8

*Lindsey v Butler*,
2022 US Dist LEXIS 230835, [SDNY Dec. 22, 2022, No. 11-cv-9102 (ER)] .........................7

*Marcus v Mamaroneck*,
283 NY 325 [1940] ...................................................................................................................8

*McLaughlin, Piven, Vogel, Inc. v W.J. Nolan & Co.*,
114 AD2d 165 [2d Dept 1986], *lv denied*, 67 NY2d 606 [1986] .........................................6, 9

*Mullins v City of NY*,
    626 F3d 47 [2d Cir 2010]......................................................................................................6

*Odeon Capital Group LLC v Ackerman*,
    864 F3d 191 [2d Cir 2017]....................................................................................................4

*Penthouse Terraces, Inc. v McGrath*,
    163 AD2d 144 [1st Dept 1990].............................................................................................5

*Register.com, Inc. v Verio, Inc.*,
    356 F3d 393 [2d Cir 2004]................................................................................................6, 8

*Sylmark Holdings Ltd. v Silicone Zone Intl. Ltd.*,
    5 Misc3d 285 [Sup Ct, New York County 2004] .................................................................6

*U.S. Ice Cream v Carvel Corp.*,
    136 AD2d 626 [2d Dept 1988] .............................................................................................6

*United States SEC v Citigroup Global Mkts., Inc
    .*, 673 F3d 158 [2d Cir 2012].................................................................................................6

*United States v Ulloa*,
    511 F App'x 105 [2d Cir 2013].............................................................................................9

*United States v Walker*,
    191 F3d 326 [2d Cir 1999]....................................................................................................9

*Weber v Barnett*,
    2022 NY Slip Op 33829[U] [Sup Ct, Kings County 2022]...................................................9

*Weinberger v Romero-Barcelo*,
    456 US 305 [1982]............................................................................................................8, 9

*Winter v NRDC, Inc.*,
    555 US 7 [2008]....................................................................................................................6

**Statutes**

9 USC § 10[a][1]..........................................................................................................................4

18 USC § 1341.........................................................................................................................4, 9

18 USC § 1349..............................................................................................................................9

18 USC § 1962[c] ....................................................................................................................4, 9

2 USCS § 2201.............................................................................................................................7

9 USCS § 10.................................................................................................................................5

**Rules**

CPLR 6301 .......................................................................................................................... 5

CPLR 6312(c) ..................................................................................................................... 6

CPLR 7511 ...................................................................................................................... 3, 4

CPLR 7511[b][1][i] ......................................................................................................... 3, 4

CPLR 7511[b][2][i] ............................................................................................................. 4

CPLR 7511[b][2][ii] ............................................................................................................ 3

CPLR 7511(b)(2) ................................................................................................................. 4

**PRELIMINARY STATEMENT**

Plaintiff-petitioner JPMorgan Chase Bank, N.A. ("Chase" or "Plaintiff") respectfully submits this Memorandum of Law in support of its motion for a temporary restraining order and preliminary injunction against defendants-respondents Martin Piotr Nowak ("Nowak" or "Defendant") and Continentalis Divitiae Express Trust ("CDET" or "Trust Defendant") (together, "Defendants"), and for an order vacating the Fraudulent Award.[1]

At the outset, it is Chase's position that the Fraudulent Award is a sham and unenforceable. While Defendants have *never* served Chase with *any* notice to arbitrate, arbitration claim or arbitration award, in an abundance of caution, Chase seeks to vacate the Fraudulent Award to eliminate any misimpression Defendants may have about the legitimacy of their bogus claims or correspondence.

At its core, this action is the result of a residential borrower's attempt to defraud his lender with a bogus award in favor of that borrower and his sham entity. Indeed, Nowak is a "sovereign citizen"—which the Federal Bureau of Investigation ("FBI") has identified as a domestic terrorist group (Mawere Decl., ¶ 20; Exs. 14-15). According to the FBI and United States Department of Justice, sovereign citizens (like Nowak) are notorious for attempting to criminally defraud others (*e.g.*, the government, financial lenders, the financially illiterate, etc.) by misusing or fraudulently creating documents that appear legitimate but typically consist of nonsensical, rambling rhetoric to confuse and defraud recipients (Mawere Decl., ¶ 20; Ex. 16). Here, Defendants have violated the Racketeer Influenced and Corrupt Organization ("RICO") Act and conspired to commit mail fraud by sending fraudulent correspondence to Chase, claiming that Nowak has a near-$4 billion

---

[1] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the accompanying Declaration of Natsayi Mawere, Esq., dated August 3, 2023 ("Mawere Decl."), the Declaration of Aquanda Brown, dated August 3, 2023 ("Brown Decl."), the Complaint-Petition, and all exhibit references are to the exhibits annexed thereto.

award against Chase.

In addition to establishing its entitlement to vacate the Fraudulent Award, Chase has also satisfied the elements required to obtain injunctive relief against Defendants. *First*, there is a strong likelihood that Chase will succeed on the merits of its claims for declaratory judgment and vacatur of the Fraudulent Award. For its declaratory judgment claim, Chase has unquestionably established its entitlement to a declaratory judgment by demonstrating that there is a live and ripe controversy between Chase and Defendants regarding whether the Fraudulent Award is valid and enforceable. As for its claims for vacatur of the Fraudulent Award, Chase has proffered evidence that establishes it never participated in an arbitration with Defendants, was never served with a notice to participate in *any* arbitration, and that Chase has been prejudiced by Defendants' fraud in procuring the purported Fraudulent Award.

*Second*, Chase will suffer irreparable injury without an injunction restraining Defendants from their repeated RICO violations and their efforts to criminally defraud Chase through mail fraud. In addition, Chase's business reputation will suffer irreparable injury if Defendants' conduct is not enjoined because Defendants' affirmative steps to criminally defraud Chase with this bogus award would undermine Chase's reputation as a respectable financing institution and embolden other sovereign citizens like Nowak to similarly attempt to defraud Chase.

*Third*, the balance of the equities overwhelmingly favors Chase. Defendants have no right to unlawfully attempt to defraud Chase and Defendants will suffer no harm whatsoever from the requested injunction—the injunctive relief sought by Chase is appropriately tailored to curb Defendants' unlawful and criminal conduct. By contrast, if the requested relief is not granted, Chase will suffer irreparable harm that cannot be remedied through monetary damages. There can be no question that the equities favor Chase in this balancing act.

**ARGUMENT**

**I.      CHASE IS ENTITLED TO VACATUR OF THE FRAUDULENT AWARD**

Although generally loath to set aside arbitration awards, courts will vacate awards in instances of fraud. Liberally construing Defendants' allegations that the Fraudulent Award is in fact valid based on their communications with Chase, the Fraudulent Award must be vacated based on either New York law or federal law.

**A.  The Fraudulent Award Must Be Vacated Under New York Law**

Under CPLR 7511, an award must be vacated if the Court finds that the rights of a party who did not participate in an arbitration (or who was never served with a notice of intention to arbitrate) were prejudiced because "a valid agreement to arbitrate was not made" or were prejudiced by "corruption, fraud or misconduct in procuring the award" (CPLR 7511[b][2][ii]; 7511[b][2][i]; *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). Yet even if a party was served with a notice of intention to arbitrate, the Court may still vacate the award if it finds that the rights of that party were prejudiced by "corruption, fraud or misconduct in procuring the award" (CPLR 7511[b][1][i]).

At the outset, Chase never participated in any arbitration with Nowak and there are no arbitration clauses in the loan documents executed between Chase and Nowak (Brown Decl., ¶ 8; Exs. 17-18). Because there is no valid agreement to arbitrate—let alone *any* agreement to arbitrate—Chase qualifies as a party who did not participate in an arbitration and whose rights have been prejudiced through Defendants' fraud in procuring the Fraudulent Award, thus necessitating vacatur of the Fraudulent Award (CPLR 7511[b][2][ii]).

In addition to never participating in any arbitration, Chase was also never served with any actual arbitration claim or notice to arbitrate by Defendants (Brown Decl., ¶ 11). At best,

3

Defendants only served Chase with a notice of intention for a claim (Brown Decl., ¶ 11; Ex. 20), which falls woefully short of what is required under CPLR 7511. Defendants' failure to serve a notice of intention to arbitrate on Chase further mandates vacatur of the Fraudulent Award (CPLR 7511[b][2][i]). But even if the Court determines that Defendants served Chase with a notice to arbitrate (which they did not), Chase still qualifies as a party whose rights were prejudiced by Defendants' fraud in procuring the Fraudulent Award (CPLR 7511[b][1][i]).

Chase is therefore entitled to a judgment vacating the Fraudulent Award under CPLR 7511(b)(2) and/or 7511(b)(2)(ii).

B. **The Fraudulent Award Must Be Vacated Under Federal Law**

The Federal Arbitration Act ("FAA") provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it" (*Hall St. Assocs. L.L.C. v Mattel, Inc.*, 552 US 576, 582 [2008]). In reviewing an arbitration award, a federal district court "can confirm and/or vacate the award, either in whole or in part" (*D.H. Blair & Co. v Gottdiener,* 462 F3d 95, 104 [2d Cir. 2006]).

The FAA permits a court to vacate an arbitration award "where the award was procured by corruption, fraud, or undue means" (9 USC § 10[a][1]). A petitioner seeking to vacate an award on the ground of fraud must prove that "(1) respondent engaged in fraudulent activity; (2) even with the exercise of due diligence, petitioner could not have discovered the fraud prior to the award issuing; and (3) the fraud materially related to an issue in the arbitration" (*Odeon Capital Group LLC v Ackerman*, 864 F3d 191, 196 [2d Cir 2017]). Chase satisfies these requirements handily.

*First*, as set forth in more detail below, Defendants have engaged in fraudulent activity by violating the RICO Act through their efforts to criminally defraud Chase through mail fraud, including the manufacture of fraudulent invoices, notices of claim, fault notices, special notices of interest, and bills arising from those notices (18 USC § 1962[c]; 18 USCS § 1341). *Second*, Chase

4

could not have discovered Defendants' fraud with due diligence before the Fraudulent Award was issued because the Fraudulent Award is part and parcel of Defendants' scheme to defraud Chase. *Third*, although an arbitration was never held, Defendants' fraudulent conduct would be materially related to Defendants' fraudulent claims against Chase. Chase is therefore entitled to a judgment vacating the Fraudulent Award under 9 USCS § 10.

II. **CHASE IS ENTITLED TO A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

The grounds necessary for the issuance of a preliminary injunction and temporary restraining order under New York law are set forth in CPLR 6301:

> A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff. A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had.

The New York and federal standards for a preliminary injunction and temporary restraining order are nearly identical. Under the New York standard for granting a preliminary injunction and temporary restraining order, the moving party must establish: (i) the probability of its success on the merits of its underlying claim, (ii) the danger of irreparable injury absent the issuance of the injunction, and (iii) a balance of equities weighing in its favor (*Aetna Insurance Co. v Capasso*, 75 NY2d 860 [1990]; *Penthouse Terraces, Inc. v McGrath*, 163 AD2d 144 [1st Dept 1990]; *Headquarters BuickNissan, Inc. v Michael Oldsmobile*, 149 AD2d 302 [1st Dept 1989]). Under the federal standard, the moving party must establish: (1) that it is likely to succeed on the merits,

5

(ii) that it is likely to suffer irreparable harm in the absence of preliminary relief, and (iii) that the balance of equities tips in its favor (*Winter v NRDC, Inc.*, 555 US 7, 20 [2008]). [2]

Once the movant establishes these elements, a question of fact "shall not in itself be grounds for denial of the motion" (CPLR § 6312(c); *see U.S. Ice Cream v Carvel Corp*., 136 AD2d 626, 628 [2d Dept 1988]). The Supreme Court of the United States has observed that the decision of whether to award preliminary injunctive relief is often based on "procedures that are less formal and evidence that is less complete than in a trial on the merits" (*Mullins v City of NY,* 626 F3d 47, 51-52 [2d Cir 2010]).

### A. Chase Is More Than Likely To Prevail On Its Underlying Claims

Chase will likely succeed on the merits of its underlying claims in this action. In demonstrating a "likelihood of success on the merits, a *prima facie* showing of a right to relief is sufficient; actual proof of the case should be left to further court proceedings." (*McLaughlin, Piven, Vogel, Inc. v W.J. Nolan & Co.*, 114 AD2d 165, 172-73 [2d Dept 1986], *lv denied*, 67 NY2d 606 [1986] [emphasis added]).[3] A movant does not need to show that success is an absolute certainty, "[h]e need only make a showing that the probability of his prevailing is better than fifty percent" (*Abdul Wali v Coughlin*, 754 F2d 1015, 1025 [2d Cir 1985]).

Chase amply satisfies this burden regarding its First Count for declaratory judgment. A declaratory judgment is a proper remedy "when the record presents a real controversy, involving

---

[2] Although the federal standard generally includes the requirement that the injunction is in the public interest (*United States SEC v Citigroup Global Mkts., Inc*., 673 F3d 158, 163, n 1 [2d Cir 2012], such a rule "has not been applied in suits between private parties" (*Register.com, Inc. v Verio, Inc*., 356 F3d 393, 424 [2d Cir 2004]).

[3] While Chase will likely succeed on the merits of all its underlying causes of action, to obtain a preliminary injunction it need only show a likelihood of success on any claim (*Sylmark Holdings Ltd. v Silicone Zone Intl. Ltd*., 5 Misc3d 285 [Sup Ct, New York County 2004]).

substantial legal interests, and it is shown that a declaratory judgment would be useful" (*Abate v All-City Ins. Co.*, 214 AD2d 627, 629 [2d Dept 1995]). According to the Declaratory Judgment Act, a declaratory judgment requires (1) an actual controversy within the Court's jurisdiction; (2) a pleading requesting a declaratory judgment; and (3) an interested party seeking a declaration (2 USCS § 2201; *Lindsey v Butler*, 2022 US Dist LEXIS 230835, at *27 [SDNY Dec. 22, 2022, No. 11-cv-9102 (ER)]).

Here, Chase establishes by a sworn declaration that Defendants claim to be entitled to the Fraudulent Award of $3,490,687,291.34 (Brown Decl., ¶ 18; Ex. 23 at 8). Meanwhile, it is Chase's position that the Fraudulent Award is unenforceable and that Defendants have no entitlement to such a recovery. What's more, Chase has established that there is a live and ripe controversy between Chase and Defendants regarding whether the Fraudulent Award is enforceable. As such, Chase has satisfied its burden of establishing likelihood of success on the merits of its First Count for declaratory judgment.

In addition, and as set forth in more detail in Section I, above, Chase has more than satisfied its burden of establishing likelihood of success on the merits for its Second and Third Counts for vacatur of the Fraudulent Award.

### B. Chase Will Suffer Irreparable Harm

Irreparable harm is "that which cannot be repaired, restored, or adequately compensated in money or where the compensation cannot be safely measured" (*Bisca v Bisca*, 108 Misc 2d 227, 231 [Sup Ct, Nassau County 1981]). An injunction should issue where the intervention of a court of equity "is essential in order effectually to protect property rights against injuries otherwise irremediable" (*Cavanaugh v Looney*, 248 US 453, 456 [1919]). The Supreme Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and

the inadequacy of legal remedies (*Weinberger v Romero-Barcelo*, 456 US 305, 311-312 [1982]).

Courts have granted preliminary injunctions where, as here, not doing so could alter the status quo and where there is no adequate remedy at law. Significantly, the Second Circuit has defined the status quo to be "the last actual, peaceable uncontested status which preceded the pending controversy" (*LaRouche v Kezer*, 20 F3d 68, 74, n 7 [2d Cir 1994]).

An injunction is necessary to protect Chase and restrain Defendants from their repeated violations of the RICO Act and their efforts to criminally defraud Chase through mail fraud. Defendants' RICO violations—past, present, and future—against Chase constitute unlawful, criminal conduct to which Defendants have no right to pursue (*Marcus v Mamaroneck,* 283 NY 325, 332 [1940] ["although there may have been delay on the part of plaintiffs, there is nothing in this record to show that defendants have in any wise suffered as a result. Indeed the delay of plaintiffs has afforded defendants many years of unlawful use. In addition, the violation by defendants is a continuing violation so long as the unlawful operation continues"]).

In addition, Chase's business reputation will suffer irreparable injury if Defendants' conduct is not enjoined. Significantly, if not enjoined, Defendants' affirmative steps to criminally defraud Chase with this bogus award would undermine Chase's reputation as a respectable financing institution and embolden other sovereign citizens like Nowak to similarly attempt to defraud Chase (*Register.com, Inc. v Verio, Inc*., 356 F3d 393, 404 [2d Cir 2004]; *Klein, Wagner & Morris v Lawrence A. Klein, P. C*., 186 AD2d 631, 633 [2d Dept 1992]).

C. **The Equities Weigh Decisively In Chase's Favor**

Finally, the balance of equities in this case undoubtedly favors Chase. In determining the balance of the equities, a court should weigh the irreparable harm that would be suffered by the movant in the absence of an injunction against the burden or harm to the opposing party through

8

the imposition of the injunction (*Weinberger v Romero-Barcelo*, 456 US 305, 312 [1982]; *McLaughlin, Piven, Vogel, Inc. v W. J. Nolan & Co.*, 114 AD2d 165, 174 [2d Dept 1986]).

As demonstrated above, in the absence of an injunction, Chase will continue to suffer ongoing harm—and Defendants' actions are not mere annoyances, they constitute violations of applicable law.

Here, Defendants have agreed and conspired to violate the RICO Act through their efforts to criminally defraud Chase through mail fraud, including the manufacture of fraudulent invoices, notices of claim, fault notices, special notices of interest, and bills arising from those notices (18 USC § 1962[c]). The misconduct falls squarely within the mail fraud statute, 18 USCS § 1341, which requires "(1) a scheme to defraud victims of (2) money or property, through the (3) use of the mails" (*United States v Walker*, 191 F3d 326, 334 [2d Cir 1999]). Sovereign citizens like Nowak have been convicted for achieving mail fraud through similar schemes (*United States v Ulloa*, 511 F App'x 105, 106-107 [2d Cir 2013] ["Ulloa, an adherent of the 'sovereign citizens' movement, conducted a scheme chiefly involving baseless liens and other fraudulent filings and documents demanding money from his numerous victims. The jury convicted Ulloa of seven counts of mail fraud under 18 USC §§ 1341 and 1349. He was sentenced to 60 months' imprisonment on each count, to run concurrently"]). Defendants' unlawful behavior should be sanctioned by this Court.

By contrast, Defendants will suffer no harm from the requested injunction. The injunctive relief sought by Chase is appropriately tailored to curb this unlawful, criminal conduct and would not impose any undue burden on Defendants to cease their criminal conspiracy (*Weber v Barnett*, 2022 NY Slip Op 33829[U], *5 [Sup Ct, Kings County 2022] ["where a party acts deliberately and intentionally which affects the plaintiff's rights or where the party engages in unlawful conduct which is capable of repetition then a mandatory injunction requiring the party to cease is likewise

9

proper"]). With respect to the requested injunctive relief, Chase simply asks that Defendants be enjoined from confirming the Fraudulent Award and sending fraudulent correspondence to Chase or correspondence relating to the Fraudulent Award. This should not be any impediment to the servicing of Nowak's Loans with Chase—both of which are in default and the subject to foreclosure actions in New York State court —because such correspondence from Chase to Nowak will not be precluded by this injunctive relief.

## CONCLUSION

For all of the foregoing reasons, Chase's application should be granted in its entirety, together with such other and further relief to Chase as the Court deems just and proper.

**REED SMITH LLP**

*/s/ Natsayi Mawere*
Natsayi Mawere

Dated: August 3, 2023