UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, N.A.,
                                    Plaintiff,

                    -v-

MARTIN PIOTR NOWAK, *et al.*,
                                    Defendants.

23-CV-6834 (JPO)

MEMORANDUM
AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff JPMorgan Chase Bank, N.A. ("Chase") brings this action against Defendants

Martin Piotr Nowak ("Nowak") and Continentalis Divitiae Express Trust ("Trust" or "Trust

Defendant"), alleging that Defendants have sent fraudulent correspondence in an attempt to

enforce a fictitious arbitration award against Chase.  The Court previously granted Chase's

request for a preliminary injunction against Defendants.

Now before the Court are Nowak's motion to dismiss the complaint and Chase's cross-

motion requesting that the Court deem Defendants served.  For the reasons that follow, Nowak's

motion to dismiss is denied and Chase's cross-motion is granted in part and denied in part.

I.      **Background**

        A.      **Factual Background**

According to Chase's complaint, in March 2006, Nowak executed a Home Equity Line of

Credit in favor of Chase in the principal amount of $150,000.  (ECF No. 1 ¶ 12.)  Nowak then

executed a Consolidated Note with Chase in the amount of $340,900 in December 2011.  (*Id.*

¶ 13.)  Nowak allegedly defaulted on both loans, and four lawsuits have been filed so far based

on those underlying transactions.  (*Id.* ¶¶ 15-27.)

This case revolves around allegations by Chase that Defendants have sent fraudulent correspondence to Chase claiming that Nowak has a nearly four-billion-dollar award against it based on violations of various laws, such as international commercial law and the Uniform Commercial Code. (*Id.* ¶ 3.) Chase has received a range of correspondence from Nowak, including notices of claim, fault or default notices, special notices, and bills and invoices. (*Id.* ¶¶ 32-38.) Chase alleges, however, that it never received a notice to participate in any arbitration and has never been served with an arbitration award. (*Id.* ¶ 30.)

### B.      Procedural History

On August 3, 2023, Chase filed a complaint against Defendants Nowak and the Trust and sought a judgment declaring the purported arbitration award against Chase to be null and void (or, alternatively, vacatur of that award), injunctive relief prohibiting Defendants from engaging in fraudulent correspondence and conduct related to that award, and damages under the Racketeering Influenced and Corrupt Organizations Act (RICO). (*See* ECF No. 1.)

On August 4, 2023, the Court issued an order scheduling a hearing and directing Defendants to show cause at that hearing as to why the Court should not issue certain relief to Chase. (ECF No. 12.) That hearing was held on September 6, 2023, and the Court subsequently granted Chase's request for a preliminary injunction on September 15, 2023. (ECF No. 31.) The Court concluded that Defendants had sent fraudulent correspondence to Chase about a nearly four-billion-dollar arbitration award that they appeared to concede is fictitious and fraudulent. (*Id.* at 1.) The Court also enjoined Defendants from sending Chase any correspondence about, or seeking confirmation or enforcement of, the purported arbitration award during the pendency of the action. (*Id.* at 2.)

On August 29, 2023, Nowak filed a motion to dismiss the complaint.  (ECF No. 26.)  On October 10, 2023, Chase filed an opposition to Nowak's motion, as well as a cross-motion requesting the Court to deem Defendants properly served.  (ECF No. 32.)  On November 20, 2023, Nowak filed a reply in support of his motion and an opposition to Chase's cross-motion. (ECF Nos. 39, 40, 41.)  And on December 19, 2023, Chase filed a reply in support of its cross-motion.  (ECF No. 44.)

## II.     Discussion

Nowak moves to dismiss Chase's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, Rule 12(b)(6) for failure to state a claim, and the doctrines of estoppel by acquiescence, res judicata, and stare decisis.  The Court denies Nowak's motion to dismiss.

For its part, Chase requests that the Court deem Defendants properly served, or, in the alternative, to be permitted to effect service via email.  The Court denies Chase its primary requested relief, but it grants Chase's alternative requested relief.  Chase is directed to serve the complaint on Defendants by email within 14 days of the issuance of this Memorandum and Order.

### A.      Representation of the Trust Defendant

As an initial matter, the Court considers arguments on only Nowak's behalf and not on the Trust Defendant's behalf.  While Nowak can appear *pro se* as an individual, the entity Defendant, Continentalis Divitiae Express Trust, cannot.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (statutory bar on non-lawyer representing anyone other than himself "applies equally to all artificial entities" (internal quotation marks and citation omitted)).  "[A] non-lawyer" like Nowak, then, "may not represent an artificial entity such as a trust." *Bell v. S.*

*Bay Eur. Corp.*, 486 F. Supp. 2d 257, 258 (S.D.N.Y. 2007); *see also Martin Piotr Nowak v. JPMorgan Chase Bank, N.A.*, No. 23-CV-5783, 2023 WL 5952055, at \*1 n.1 (E.D.N.Y. Aug. 9, 2023) ("The submission also names 'Continentalis Divitiae Express Trust' . . . .  To the extent that this entity is separate from the individual filing the action, the entity cannot appear in this action unless represented by an attorney admitted to the bar and to practice in this jurisdiction.").

Although the Court has repeatedly warned the Trust Defendant that it cannot appear *pro se*, it still has not appeared through counsel.  (*See* ECF No. 29 at 9-10 (order to show cause hearing); ECF No. 31 at 3 (preliminary injunction order); ECF No. 35 at 2 (endorsement granting Nowak's request for a deadline extension).)  The Court issues one final warning to the Trust Defendant that if it fails to appear through counsel within 21 days of receiving service of the complaint by Chase, *see infra* Section III.F., it will be deemed in default.  For the purposes of resolving the motions before it, the Court proceeds to consider arguments on only Nowak's behalf.

### B. Subject Matter Jurisdiction

Nowak begins by contending that the Court does not have subject matter jurisdiction over this dispute.  While Nowak is correct that the Court cannot reach the merits of the case if it does not establish subject matter jurisdiction, the Court has such jurisdiction here.

District courts have jurisdiction under 28 U.S.C. § 1331 when a plaintiff "pleads a colorable claim 'arising under' the . . . laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  Chase does so here, as it pleads claims under RICO, a federal statute. (*See* ECF No. 1 ¶¶ 65-79).  The Court can then also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy."  28 U.S.C. § 1367(a).  As a result, the Court denies

Nowak's motion to dismiss the complaint for lack of subject matter jurisdiction.

> **C.     Personal Jurisdiction and Venue**

Nowak cites lack of personal jurisdiction under Rule 12(b)(2) and improper venue under

Rule 12(b)(3) in the introduction of his motion as bases for dismissal (ECF No. 26 at 1, 3), but he

does not advance any substantive argument under either of those provisions.  Because Nowak

provides no argument on those two issues for the Court's consideration, the motion to dismiss on

those two grounds is denied.  *See TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 583

(S.D.N.Y. 2012) (the "requirement of personal jurisdiction is a waivable right"); *Johnson v.

Bryson*, 851 F. Supp. 2d 688, 704 (S.D.N.Y. 2012) (same for defense of improper venue).

Still, were the Court to evaluate Nowak's objections on their merits, it would reject them.

As to personal jurisdiction, "a litigant can use a 'variety of legal arrangements' to give 'express

or implied consent to the personal jurisdiction of the court.'" *TAGC*, 842 F. Supp. 2d at 583

(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985)).  Actions that can

convey implied consent to personal jurisdiction "include[] a defendant's voluntary in-court

appearance, unless the defendant has appeared for the limited purpose of contesting personal

jurisdiction." *Fuld v. Palestine Liberation Org.*, 82 F.4th 74, 89 (2d Cir. 2023) (citation

omitted).  Here, Nowak personally appeared in court for the order to show cause hearing on

September 6, 2023, and although he objected to the Court's subject matter jurisdiction due to the

Trust Defendant's status as a trust, he did not lodge a complaint about the Court's exercise of

personal jurisdiction over him.  (*See* ECF No. 29 at 11; *see also* ECF No. 26 at 3-5 (raising

similar argument addressing only subject matter jurisdiction).)

Even if Nowak's in-court appearance did not constitute consent to jurisdiction, the Court can also consider Nowak's decision to avail himself of the forum of the Southern District of New York in a related matter in assessing consent. As discussed at the September 6, 2023 hearing (*see* ECF No. 29 at 7-8), Nowak filed a suit in the Southern District of New York in July 2023, and that suit appears to have sought enforcement against Chase of the same purported arbitration award at issue here. *See Nowak v. JPMorgan Chase Bank, N.A.*, No. 23-CV-5898 (S.D.N.Y.); *id.* at ECF No. 1 at 26 (complaint in that action sought an order directing Chase to "pay in the amount specified . . . of $3,490,687,291.34 USD"). And "there is nothing unfair, or violative of due process, about requiring a party that has affirmatively sought the aid of our courts with regard to a particular transaction to submit to jurisdiction in the same forum as a defendant with regard to the same transaction with the same party." *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 592 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

The Court also declines to dismiss the complaint for improper venue. Chase alleges that a substantial portion of the relevant events arose in this district. (ECF No. 1 ¶ 8.) Chase makes further allegations that it received a significant volume of allegedly fraudulent correspondence (*id.* ¶ 28 & n.1), and it provides examples of such correspondence that appear to have been sent to and accepted in Manhattan, where Chase's principal place of business is located (*id.* ¶ 9). For example, some of the allegedly fraudulent correspondence is stamped as accepted by Chase at a Manhattan address (ECF No. 8-5 at 1, 3); documents like claim notices (ECF No. 8-4 at 1) and special notices (ECF No. 8-12 at 2) have mailing addresses of Chase offices in Manhattan; and invoices contain notarized mailing certifications that represent that documents were mailed to a Chase office in Manhattan (ECF No. 8-13 at 6). Venue appears to be proper, and Nowak raises

no argument to the contrary.  *See* 28 U.S.C. § 1391(b)(2) (providing that a civil action may be

brought in, among other districts, "a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred").

### D.      Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state "enough facts

to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed

where "the allegations in a complaint, however true, could not raise a claim of entitlement to

relief."  *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Iqbal*, 556 U.S. at 679.  While "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice," *id.* at 678, the Court must draw "all

inferences in the light most favorable to the nonmoving party[]," *In re NYSE Specialists Sec.

Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  Determining whether a complaint states a plausible claim

is ultimately a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  *Iqbal*, 556 U.S. at 679.

To begin, Nowak contends generally that, contrary to Chase's assertions, it is Chase that

has actually been harming Defendants and not the other way around.  (ECF No. 26 at 6-7; ECF

No. 39 at 3-4.)  But that sort of "factual dispute . . . is not appropriate for resolution on this

motion to dismiss."  *E.S. Originals Inc. v. Totes Isotoner Corp.*, 734 F. Supp. 2d 523, 528

(S.D.N.Y. 2010).  The Court now proceeds to address Nowak's specific arguments for dismissal of the various counts in Chase's complaint.

### 1.      Declaratory Relief

The Court disagrees with Nowak's contention that Chase does not allege sufficient facts to support its claim for declaratory relief under Count One.  Chase details the types of notices and correspondence it has received from Defendants, and its allegations include the dates and descriptions of such correspondence.  (*See* ECF No. 1 ¶¶ 28-39.)  Moreover, after receiving submissions by both parties, which included copies of the allegedly fraudulent correspondence (*see* ECF No. 8), the Court previously already found that Defendants had "sent fraudulent correspondence to Chase on multiple occasions claiming that Nowak has a near-four-billion-dollar arbitration award against Chase" and that "Chase is likely to succeed on the merits of its claim, at least with respect to Count I for declaratory judgment" (ECF No. 31 at 1-2).  The Court denies Nowak's motion to dismiss Chase's claim for declaratory relief.

### 2.      Vacatur of the Arbitration Award

Counts Two and Three of Chase's complaint seek vacatur of the allegedly fraudulent arbitration award under state and federal law.  Chase brings both of those claims in the event that "the Court determines that the Fraudulent Award is enforceable."  (ECF No. 1 ¶¶ 47, 54.)  Nowak appears to concede in his motion that no such award has ever been issued, as he states the following in his motion:  "As CHASE has no evidentiary basis to allege fact that such (nonexistent) Arbitration Award has been issued, vacatur of the alleged (nonexistent) Arbitration Award is futile as there was never any award pursued or granted to Martin or the Trust."  (ECF No. 26 at 8.)  The Court also acknowledged, in its preliminary injunction order, Defendants'

apparent concession about the lack of such an award. (ECF No. 31 at 1 ("Defendants appear to concede that the purported 'award' is fictitious and fraudulent.").)

Still, Chase is permitted to plead in the alternative. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). The Court is unlikely to grant Chase relief on Counts Two and Three absent a determination that an arbitration award actually exists, but it permits Chase to plead those claims in the alternative at this stage. The Court therefore denies Nowak's motion to dismiss Counts Two and Three.

### 3.     Injunctive Relief

Count Four seeks preliminary and permanent injunctive relief prohibiting Defendants from engaging in fraudulent conduct related to the purported arbitration award. Although Nowak appears to have conceded that the arbitration award does not actually exist, it is still possible that Defendants will send correspondence about the award or attempt to enforce it in the future, as evidenced by Chase's allegations that Defendants did so previously despite the nonexistence of an award. Nowak provides no argument as to why the Court should dismiss Count Four, and the Court therefore declines to dismiss that claim.

### 4.     RICO

In Counts Five and Six of the complaint, Chase brings claims under provisions of the RICO statute, 18 U.S.C. § 1962(c) and (d). Section 1962(c) provides that it "shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The RICO statute further makes it unlawful "for any person to conspire to violate any

of the provisions" of the RICO statute, including Section 1962(c).  *Id.* § 1962(d).  Section

1964(c) then "provides a private right of action to any person injured in its business or property

by reason of a violation of the activities prohibited by section 1962."  *Kim v. Kimm*, 884 F.3d 98,

103 (2d Cir. 2018).

The Court disagrees with Nowak's contention that Chase fails to state a claim under

Sections 1962(c) and (d) of a substantive RICO claim and a claim of RICO conspiracy,

respectively.  "To establish a violation of 18 U.S.C. § 1962(c)," a plaintiff "must show

'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *DeFalco v.*

*Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479,

496 (1985)).  Although Nowak contends that the complaint lacks any factual allegations to

support such a claim, Chase provides sufficient allegations about the conduct of Nowak and the

Trust Defendant.  (*See* ECF No. 1 ¶¶ 65-73.)  Specifically, Chase alleges that Nowak is

employed by or associated with the Trust and that the Trust is an enterprise engaged in interstate

commerce.  *See* 18 U.S.C. § 1961(4) (defining an enterprise under the RICO statute as "any

individual, partnership, corporation, association, or other legal entity").  Chase also alleges that

Defendants have engaged in multiple instances of mail fraud by using the mail to try to obtain

money by false pretenses and representations, which constitutes a pattern of racketeering

activity.  *See Fuji Photo Film U.S.A. v. McNulty*, 640 F. Supp. 2d 300, 310 (S.D.N.Y. 2009).

Chase also alleges that it has suffered harm from Defendants' racketeering activity.  *See*

*Angermeir v. Cohen*, 14 F. Supp. 3d 134, 152-53 (S.D.N.Y. 2014).

Nowak objects that Chase does not plead at least two instances of fraudulent activity with

particularity as required by Rule 9(b), which "requires a plaintiff to state on the record the

specific nature of the fraud."  *Fuji*, 640 F. Supp. 2d at 310.  But Chase's allegations meet that

Rule's requirements, as Chase identifies the sender, dates, and content of allegedly fraudulent correspondence that was sent many times over the course of multiple years.  (*See* ECF No. ¶¶ 28-38).  The Court also rejects Nowak's contention that Chase has failed to plead the existence of two entities, as required by the statute.  Just as "a natural person 'is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status,'" Nowak is legally distinct from the Trust Defendant, and the two are separate entities for the purpose of RICO liability.  *Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 464 (S.D.N.Y. 2022) (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)).  The Court therefore denies Nowak's motion to dismiss Chase's substantive RICO claim under Section 1962(c).

The Court similarly denies Nowak's motion to dismiss the claim of RICO conspiracy under Section 1962(d).  "To establish a RICO conspiracy, a plaintiff must plead that a defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity."  *Angermeir*, 14 F. Supp. 3d at 154 (internal quotation marks and citation omitted).  Nowak first contends that a RICO conspiracy claim cannot stand if the underlying substantive claim fails, but the substantive claim here survives the motion to dismiss.  Moreover, "the existence of a RICO enterprise is not a required element of a RICO conspiracy claim," and a party "may be liable for [RICO] conspiracy even though he was incapable of committing the substantive offense."  *City of New York v. Bello*, 579 F. App'x 15, 17 (2d Cir. 2014) (summary order) (internal quotation marks and citation omitted)).  Nowak next contends that Chase does not allege any express or tacit understanding between Defendants sufficient for a conspiracy claim, but "a defendant's agreement to join a conspiracy can be inferred from circumstantial evidence of the defendant's status in the enterprise or knowledge of wrongdoing."  *Angermeir*, 14 F. Supp. 3d at 154

(internal quotation marks and citation omitted).  Thus, Chase's allegations about how Defendants

intentionally conspired and agreed to send fraudulent invoices, notices of claim, bills, and other

documents are sufficient to support a RICO conspiracy claim.  *See id.* at 155 (collecting cases).

### E.      Estoppel by Acquiescence, Res Judicata, and Stare Decisis

Nowak also contends that Chase is barred from bringing any claims against Defendants

under the doctrines of estoppel by acquiescence, res judicata, and stare decisis.  None of those

doctrines provides Nowak with any relief here, however.  Estoppel by acquiescence "is available

when a plaintiff has responded to a defendant's actions with implicit or explicit assurances upon

which the defendant relied."  *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F. Supp. 2d

247, 276 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).  Nowak cites no

conduct by Chase in which Chase gave Defendants relevant implicit or explicit assurances; to the

contrary, Chase has consistently contested the validity of the arbitration award that is the subject

of this case.  The doctrine of res judicata also has no applicability here, as that doctrine

"preclud[es] a party to a lawsuit from litigating a claim more than once," but Nowak points to no

relevant suit previously litigated by Chase that would trigger that doctrine.  *Chase Manhattan*

*Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995).  Nor is the doctrine of stare decisis

helpful to Nowak, as that doctrine counsels against overruling prior binding precedent, but

Nowak cites no such precedent.  *See Glob. Reins. Co. of Am. v. Century Indem. Co.*, 843 F.3d

120, 126 (2d Cir. 2016).  The Court therefore declines to dismiss Chase's complaint on any of

the above grounds.

### F.      Service

In its cross-motion, Chase requests that the Court to deem Defendants served, or in the

alternative, to allow alternative service by email.  Rule 4(e)(1) provides that a plaintiff can serve

a defendant by following the laws in the state where the district court is located or where service

is made. Fed. R. Civ. P. 4(e)(1). New York law provides several methods of adequate service.

*See* N.Y. C.P.L.R. § 308. "Paragraph one of C.P.L.R. § 308 authorizes personal service" in the

form of delivery of the summons within the state to the person to be served. *Olympus Corp. v.*

*Dealer Sales & Serv., Inc.*, 107 F.R.D. 300, 305 n.3 (E.D.N.Y. 1985). "Paragraph[] two . . .

authorize[s]" a "method[] of substituted service," *id.*, "by delivering the summons within the

state to a person of suitable age and discretion at the actual place of business, dwelling place or

usual place of abode of the person to be served" and by "either mailing the summons to the

person to be served at his or her last known residence or by mailing the summons by first class

mail to the person to be served at his or her actual place of business," among other requirements,

N.Y. C.P.L.R. § 308(2).

Chase has attempted service through multiple avenues based on addresses furnished by

Defendants themselves. In an email dated August 11, 2023, Nowak represented two addresses to

be valid for service: 5 Union Square West, Suite 1370, New York, New York for the Trust

Defendant, and 101 East Park Avenue, Suite 221, Long Beach, New York for Defendant Nowak.

(ECF No. 34-20 at 2.) Then, during the hearing on September 6, 2023, Nowak represented to the

Court and to Chase that the Union Square West address was the correct address for serving both

Defendants. (ECF No. 29 at 17-18.) At the hearing, Nowak reaffirmed the Union Square West

address as the correct one after Chase informed the Court that correspondence it had previously

sent to Defendants at the Long Beach address provided by Nowak had been returned with the

following written on the envelope: "Refused. Offer not accepted. Trespass. Refused." (*Id.* at

23; ECF No. 34-21 at 2.)

Despite Nowak's representations at the hearing, Chase has still been unsuccessful in

serving Defendants, suggesting that Nowak has misrepresented the proper address for service.

Chase's process server attempted service at the Union Square West address on September 13,

2023, but building security reported that the Trust Defendant is unknown in the building, that

there are only three companies in the building, and that no Suite 1370 exists.  (ECF No. 34-24.)

Chase's process server also attempted service of Nowak at the Long Beach address, but the

process server reported that the location is a post office that does not accept service.  (ECF No.

34-25.)  And courtesy copies that Chase mailed to the Union Square address after Nowak

represented it to be the proper service address for both Defendants have been returned as

undelivered.  (*See* ECF No. 44 at 4 n.4; ECF No. 45-1.)

The Court declines to deem Defendants as served, as Chase has not demonstrated that it

has complied with any of the enumerated methods of service permitted by New York law.  Still,

because Chase has shown that service through certain means prescribed by N.Y. C.P.L.R.

Section 308 is impracticable, this Court allows service in a substitute manner pursuant to "the

catchall provision of New York law," N.Y. C.P.L.R. Section 308(5).  *Berdeaux v. OneCoin Ltd.*,

No. 19-CV-4074, 2020 WL409633, at *1 (S.D.N.Y. Jan. 24, 2020.)  That provision "authorizes

service 'in such manner as the court, upon motion without notice, directs, if service is

impracticable under paragraphs one, two, and four of [C.P.L.R. 308].'"  *Id.* (quoting N.Y.

C.P.L.R. § 308(5).)  Such "[s]ervice by substitute means is permissible, provided it is

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

of the action and afford them an opportunity to present their objections."  *Mullane v. Cent.*

*Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  The impracticability standard of Section

308(5) does not require a party to show that it has actually attempted to serve a party under every

other method provided in Section 308.  *State St. Bank & Tr. Co. v. Coakley*, 16 A.D.3d 403, 403 (2d Dep't 2005).

Specifically, the Court authorizes substitute service of Defendants by email.  "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."  *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 525 (S.D.N.Y. 2021); *see also Ortiz v. CM Pro. Painting Corp.*, No. 21-CV-821, 2022 WL 784473, at *3 (E.D.N.Y. Mar. 14, 2022) (collecting cases).  Here, Nowak provided the Court and Chase with an email address at which Defendants could receive filings.  (*See* ECF No. 29 at 23.) Defendants have previously transmitted emails to the Court and to opposing counsel using both that email address and a second email address with the same domain name (*see* ECF No. 34-20), and Defendants' recent use of those addresses further suggests that they will receive service sent to them.  *See, e.g.*, *Zanghi v. Ritella*, No. 19-CV-5830, 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (concluding that email service is appropriate substitute service where a defendant's "recent use of the address indicates that an email to it is likely to reach him"); *FTC v. PCCare247 Inc.*, No. 12-CV-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar 7, 2013) ("[T]he Court has independent confirmation that at least one of these email accounts was recently in use by the specified defendant," as the defendant "used the [address] to email the Court on four occasions on January 3 and 6, 2013").

Accordingly, the Court extends the period for time of service and directs Chase to serve Defendants within 14 days by email at admin@continentalisdivitiae.com and trustee@continentalisdivitiae.com.  Although the time for Chase to serve Defendants has technically run, "district courts have discretion to grant extensions even in the absence of good cause."  *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *see also Mares v. United*

*States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order) ("[A] district court has wide latitude in deciding when to grant extensions absent good cause."). The factors relevant to the exercise of that discretion favor an extension here, as Defendants have actual notice of the suit and Chase has made diligent efforts to serve Defendants at the addresses provided by Nowak himself. *See Mares*, 627 F. App'x at 23.

### III.     Conclusion

For the foregoing reasons, Nowak's motion to dismiss is DENIED and Chase's cross-motion is GRANTED in part and DENIED in part.

Chase is directed to serve Defendants at the two email addresses provided above, and to file proof of service on the docket, within 14 days of the date of issuance of this Memorandum and Order.

Defendants Nowak and Continentalis Divitiae Express Trust shall file answers to Chase's complaint within 21 days after receiving service. Defendant Continentalis Divitiae Express Trust is also warned that if it fails to appear through counsel within 21 days of receiving service, it will be deemed in default for the reasons provided above.

The Clerk of Court is directed to close the motions at ECF Numbers 26 and 32.

SO ORDERED.

Dated:  March 28, 2024
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

16