**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff-Petitioner,<br><br>v.<br><br>MARTIN PIOTR NOWAK and CONTINENTALIS DIVITIAE EXPRESS TRUST,<br><br>Defendants-Respondents. | Civil Action No.: 23-cv-06834 (JPO)<br><br>DOCUMENT ELECTRONICALLY FILED |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND A PERMANENT INJUNCTION

**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
(212) 521-5450

*Attorneys for Plaintiff-Petitioner*
*JPMorgan Chase Bank, N.A.*

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 1

RELEVANT FACTUAL BACKGROUND ........ 1

A. Nowak's Loans ........ 2

B. The Foreclosure Actions ........ 3

i. The CEMA Foreclosure Action ........ 3

ii. The HELOC Foreclosure Action ........ 4

C. The 2018 Eastern District of New York ........ 4

D. Nowak's Fraudulent Correspondence ........ 6

i. Notices of Claim ........ 6

ii. Fault/Default Notices ........ 7

iii. Special Notices ........ 7

iv. "True" Bills/Invoices ........ 8

E. The 2023 Eastern District of New York Lawsuit ........ 8

F. The Instant Litigation ........ 9

LEGAL STANDARD ........ 11

A. Summary Judgment ........ 11

LEGAL ARGUMENT ........ 12

A. Chase is Entitled to Summary Judgment On Its Claims ........ 12

i. Chase is Entitled to a Permanent Injunction ........ 12

ii. Nowak Has Violated RICO ........ 13

iii. Nowak Should be Barred from Filing Future Cases ........ 14

iv. Alternatively, Nowak Should be Sanctioned ........ 15

B. The Majority of Nowak's Counterclaims and Defenses are Barred by Res Judicata ........ 16

C. Nowak Cannot State a Claim for Public Disclosure ............................................ 22

D. Nowak's Trademark Infringement Claim Fails As A Matter of Fact and Law ................................................................................................................ 22

E. Discovery Should be Stayed Pending a Resolution of this Motion ...................... 23

CONCLUSION ........................................................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbatiello v. Wells Fargo Bank, N.A.*,
No. 15-CV-4210, 2015 US Dist. LEXIS 137742 (E.D.N.Y. Oct. 8, 2015)....20

*Andrews v. Citimortgage, Inc.*,
No. 14-CV-1534(JS)(AKT), 2015 U.S. Dist. LEXIS 43027 (E.D.N.Y. Mar. 31, 2015)....19

*Arbaugh v. Y & H Corp*.
546 U.S. 500 (2006)....18

*Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*,
667 F. Supp. 3d 83 (S.D.N.Y. 2023)....14

*Bell v. Jendell*,
980 F. Supp. 2d 555 (S.D.N.Y. 2013)....16

*Berrios v. N.Y.C. Hous. Auth.*,
564 F.3d 130 (2d Cir. 2009)....17

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
No. 16-cv-885, 2019 U.S. Dist. LEXIS 17575 (S.D.N.Y. Feb. 4, 2019)....16

*Brodsky v. N.Y. City Campaign Fin. Bd.*,
796 Fed. Appx. 1 (2d Cir. 2019)....17

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....11

*Chanayil v. Gulati*,
169 F.3d 168 (2d Cir. 1999)....21

*In re Chester Park View, LLC*,
No. 23-CV-5432(CS), U.S. Dist. LEXIS 98461 (S.D.N.Y. May 29, 2024)....14

*City of New York v. Jam Consultants*,
889 F. Supp. 103 (S.D.N.Y. 1995)....13

*Cunningham v. Bank of N.Y. Mellon N.A.*,
No. 14-CV-7040(JS)(ARL), 2015 U.S. Dist. LEXIS 88717 (E.D.N.Y. July 8, 2015)....19

*eBay v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)....12

*Eliahu v. Jewish Agency for Isr.*,
919 F.3d 709 (2d Cir.), *cert. denied,* 140 S. Ct. 380 (2019) ....................14

*Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*,
No. 08 Civ. 2437 (RJS), 2008 U.S. Dist. LEXIS 133066 (S.D.N.Y. June 12, 2008) ....................23

*Erickson v. Pardus*,
551 U.S. 89 (2007)....................16

*Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York*,
375 F.3d 168 (2d Cir. 2004)....................21

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp*.,
544 U.S. 280 (2005)....................18

*Feinstein v. Chase Manhattan Bank,*
No. 06-CV-1512 (JFB)(ARL), 2006 U.S. Dist. LEXIS 16507 (E.D.N.Y. Apr. 4, 2006) ....................19

*Fequiere v. Tribeca Lending*,
No. 14 CV 812 (RRM)(LB), 2014 U.S. Dist. LEXIS 183152 (E.D.N.Y. July 15, 2014) ....................20

*Filler v. Hanvit Bank*,
156 Fed. Appx. 413 (2d Cir. 2005)....................21

*Fleetwood Servs. v. Ram Cap. Funding, LLC*,
No. 20-cv-5120 (LJL), 2023 U.S. Dist. LEXIS 2121 (S.D.N.Y. Jan. 5, 2023) ....................14

*Gentner v. Shulman*,
55 F.3d 87 (2d Cir. 1995)....................20

*Gonzalez v. Ocwen Home Loan Servicing*,
74 F.Supp.3d 504 (D. Conn. 2015)....................19

*Grumbkow v. Greenpoint Bank*,
132 F. App'x 913 (2d Cir. 2005) ....................19

*Hawaii Housing Auth. v. Midkiff*,
467 U.S. 229 (1984)....................20

*Hecht v. Commerce Clearing House, Inc.*,
897 F.2d 21 (2d Cir. 1990)....................13

*Hoblock v. Albany Cnty. Bd. Of Elections*,
422 F.3d 77 (2d Cir. 2005)....................18

*Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*,
176 F. Supp 3d 137 (E.D.N.Y. 2016) ....................23

*JA Apparel Corp. v. Abboud*,
568 F.3d 390 (2d Cir. 2009)....................22

*Estate of Keys v. Union Planters Bank, N.A.*,
578 F.Supp.2d 629 (S.D.N.Y. 2008)....................19

*Kontrick v. Ryan*,
540 U.S. 443 (2004)....................19

*Menton v. Experian Corp.*,
2003 U.S. Dist. LEXIS 12457 (S.D.N.Y. Jul. 17, 2023) ....................22

*Monahan v. N.Y.C. Dep't of Corr.*,
214 F.3d 275 (2d Cir. 2000)....................17

*Moss v. Morgan Stanley, Inc.*,
719 F.2d 5 (2d Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984)....................13

*Nan Sung Park v. City of N.Y.*,
2003 U.S. Dist. LEXIS 578 (S.D.N.Y. Jan. 16, 2003)....................18

*Natl. Westminster Bank PLC v Retirement Care Assoc., Inc.*,
No. 98 Civ. 6023 (JSM), 1999 US Dist LEXIS 5807 (S.D.N.Y. Apr. 22, 1999)....................21

*Pearson Educ., Inc. v. Labos*,
2021 U.S. Dist. LEXIS 189856 (S.D.N.Y. Sep. 30, 2021)....................23

*Perez v. Posse Comitatus*,
373 F.3d 321 (2d Cir. 2004)....................16

*Philan Ins. v. Frank B. Hall & Co.*,
748 F. Supp. 190 (S.D.N.Y. 1990) ....................13

*Rauch Indus., Inc. v. Radko*,
2022 U.S. Dist. LEXIS 45098 (S.D.N.Y. Mar. 14, 2022) ....................22

*Salinger v. Colting*,
607 F.3d 68 (2d Cir. 2010)....................12

*Sedima, S.P.R.L. v. Imrex Co, Inc.*,
473 U.S. 479 (1985)....................13

*Siemens Credit Corp. v. Am. Transit Ins. Co.*,
No. 00 CIV. 0880 (BSJ), 2000 U.S. Dist. LEXIS 6014 (S.D.N.Y. May 3, 2000) ....................23

*Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc.*,
865 F.2d 506 (2d Cir. 1989)....11

*United States SEC v. Citigroup Global Mkts.*,
752 F.3d 285 (2d Cir. 2014)....12

*Waldron v. Cities Serv. Co.*,
361 F.2d 671 (2d Cir. 1966)....11

*World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*,
694 F.3d 155 (2d Cir. 2012)....12

*XL Specialty Ins. Co. v. Agoglia*,
No. 08 Civ. 3821(GEL), 2009 US Dist. LEXIS 3660 (S.D.N.Y. Apr. 30, 2009)....11

*Younger v. Harris*,
401 U.S. 37 (1971)....19

**Statutes**

15 U.S.C. § 6805(a) ....22

18 U.S.C. § 1962(a)-(c)....13

18 U.S.C. § 1962(d) ....13

18 U.S.C. § 1964(c) ....13, 14

28 U.S.C. § 1915(a)(3)....9

**Rules**

Fed. R. Civ. P. 9(b) ....21

Fed. R. Civ. P. 11(b) ....15, 16

Fed. R. Civ. P. 26(c) ....23

Fed. R. Civ. P. 56(b) ....11

## INTRODUCTION

Plaintiff-Petitioner JPMorgan Chase Bank, N.A. ("Chase") respectfully submits this memorandum of law in support of Chase's motion for summary judgment against Defendant-Respondent Martin Piotr Nowak ("Nowak"), granting the relief requested by Chase, dismissing Nowak's answer with counterclaims *with* prejudice, vacating Nowak's purported award of $3,490,687,291.34 against Chase (the "Sham Award"), granting a permanent injunction against Nowak, and a stay of any discovery pending the outcome of this motion. As detailed below, in addition to the two foreclosure actions filed against Nowak after he failed to pay his loan obligations—which are pending in the Nassau County Supreme Court and in which Chase prevailed on a judgment of foreclosure and sale in May 2024 with respect to Nowak's consolidated loan—Nowak filed two federal actions against Chase in the Eastern District in 2018 and 2023. In 2018, Nowak filed a case to try to "modify" or discharge his loan, which was dismissed for the failure to state a claim, affirmed on appeal. In 2023, Nowak filed an action to enforce the Sham Award, which was also dismissed for failure to state a claim. In his answer, counterclaims and affirmative defenses in this case, Nowak attempts to religitate issues he could—and should—have raised in the foreclosure action regarding his consolidated loan and argues that the Sham Award is somehow enforceable—which it is not. Summary judgment is warranted on Chase's claims, and on the dismissal of Nowak's six counterclaims and nineteen affirmative defenses because, among other reasons, they are barred by res judicata and legally insufficient.

## RELEVANT FACTUAL BACKGROUND

Chase incorporates its Statement of Material Facts ("SUMF") filed with this brief. Nowak *continues* to attempt to prevent and circumvent the inevitable foreclosure of the premises more commonly known as 113 New York Ave, Long Beach, New York 11561 (the "Mortgaged Premises") after his default on his loan obligations. As further discussed herein, in 2018, Nowak

filed an action in the Eastern District of New York to modify or discharge his debts with Chase, which was dismissed after he failed to state a claim in August 2019. Nowak appealed that decision to the Second Circuit, which held that Nowak failed to state a claim and affirmed the dismissal of the lawsuit. After Chase filed an action to foreclose Nowak's consolidated loan in 2019 in the Nassau County Supreme Court, Nowak argued in response that Chase was somehow involved in a criminal conspiracy against him, which the Nassau County Supreme Court rejected in its entirety. Chase obtained summary judgment in the foreclosure action in April 2022, and judgment of foreclosure and sale in May 2024. Nowak then divined the Sham Award, which he unsuccessfully tried to enforce in the Eastern District of New York in 2023 (transferred from the Southern District of New York, and later dismissed for Nowak's failure to state a claim). Now in his answer, Nowak seeks additional bites at the apple to raise issues he could—and should have—raised in the foreclosure action, and Nowak also continues his deluded efforts to enforce the Sham Award.

### A. <u>Nowak's Loans</u>

On March 17, 2006, Nowak executed a $150,000 Home Equity Line of Credit Note ("HELOC Note") in favor of Chase. SUMF ¶ 1; ECF Doc. No. 65-1 ( Ex. 17). As security for the HELOC Note, Nowak executed, acknowledged, and delivered a mortgage to Chase ("HELOC Mortgage"), its successors and assigns, and granted Chase a lien on the Mortgaged Premises. The HELOC Mortgage was recorded in the Nassau County Clerk's Office on April 11, 2006. SUMF ¶ 2; ECF Doc. No. 65-1 (Ex. 17).

A little more than five years later, on December 30, 2011, Nowak executed a $340,900 Consolidated Note ("Note") in favor of Chase. SUMF ¶ 3; ECF Doc. No. 65-2 (Ex. 18). As security for the Note, Nowak executed, acknowledged, and delivered a Consolidation, Extension, and Modification Agreement to Chase ("CEMA"), its successors and assigns, and granted Chase

a lien on the Mortgaged Premises. The CEMA was recorded in the Nassau County Clerk's Office on March 20, 2012. SUMF ¶ 4; ECF Doc. No. 65-2 (Ex. 18).

Significantly, there are no arbitration clauses in the loan documents executed between Chase and Nowak. *See* SUMF ¶ 5; *see* ECF Doc. Nos. 65-1 (Ex. 17) and 65-2 (Ex. 18). There are also no other contracts between Chase and Nowak, including no agreements to arbitrate any disputes. *Id.*

Nowak has defaulted on both loans with Chase. *See* Section B, *infra.* To date, as further discussed herein, there have been four (4) lawsuits based on the same underlying allegations, transactions, and facts. *See* Sections B, C and E, *infra.*

**B. <u>The Foreclosure Actions</u>**

*i. The CEMA Foreclosure Action*

On February 20, 2019, Chase commenced a foreclosure action against Nowak based on his default on the CEMA Note. *See JPMorgan Chase Bank, National Association v. Martin P. Nowak, JPMorgan Chase Bank, N.A., Barbara Nowak, Citibank NA.*, Nassau County Supreme Court, Index No. 602421/2019 (the "CEMA Foreclosure Action"). SUMF ¶ 6; ECF Doc. No. 64-9 (Ex. 9). Nowak asserted an answer, *pro se*, on March 25, 2019, with seventeen affirmative defenses and a "counter-offer" to Chase's complaint. SUMF ¶ 7; ECF Doc. No. 64-10 (Ex. 10). On February 22, 2022, Chase moved for summary judgment against Nowak. SUMF ¶ 8; Doc. No. 64-11 (Ex. 11). In opposing the summary judgment motion, Nowak asserted baseless arguments—such as how his opposition "undeniably shows beyond doubt that there is a criminal conspiracy orchestrated by [Chase] and [Chase's] firm/attorneys, Nassau County Clerk's [O]ffice, the court and potentially other unknown actors"—which the Nassau County Supreme Court categorically rejected in its April 4, 2022 decision granting summary judgment to Chase. *Id.*

On September 5, 2023, Chase moved for judgment of foreclosure and sale, and Nowak cross-moved for summary judgment seeking dismissal of the action for "fraud upon the court and failure of proof." SUMF ¶ 9; Declaration of Natsayi Mawere ("Mawere Decl."), Ex. 1. The Nassau County Supreme Court granted Chase's motion in its entirety and denied Nowak's cross-motion, finding that Nowak "failed to make a proper showing warranting summary judgment in his favor" and that the referee's report should be confirmed. SUMF ¶ 10; Mawere Decl., Ex. 1.

*ii.* ***The HELOC Foreclosure Action***

On March 22, 2023, Chase commenced a foreclosure action against Nowak based on his default on the HELOC Note. *See JPMorgan Chase Bank, N.A. v. Martin P. Nowak, Citibank, N.A., et al.*, Nassau County Supreme Court, Index No. 604804/2023 (the "HELOC Foreclosure Action"). SUMF ¶ 11; ECF Doc. No. 64-13 (Ex. 13). Chase moved to discontinue the HELOC Foreclosure Action on April 1, 2024, which Nowak opposed. SUMF ¶ 11; Mawere Decl., Exs. 2-3. As of the date of the filing of this motion, the motions are marked fully submitted and are pending before the Nassau County Supreme Court. *Id.*

**C. <u>The 2018 Eastern District of New York</u>**

Separate and apart from the foreclosure actions, after defaulting on both loans, Nowak commenced an action *pro se* on August 31, 2018 in the Eastern District of New York, seeking to modify or discharge his debt with Chase. *See Martin-Piotr Nowak v. JPMorgan Chase & Co. and JP Morgan Chase Bank, N.A.*, Eastern District of New York, Case No. 18-CV-04972 (the "2018 EDNY Lawsuit"). SUMF ¶ 12; ECF Doc. No. 64-2 (Ex. 2).

On November 21, 2018, Chase moved to dismiss the complaint in the 2018 EDNY Lawsuit based on Nowak's failure to state a claim. SUMF ¶ 13; ECF Doc. No. 64-3 (Ex. 3). In opposition, Nowak asserted nonsensical and irrelevant arguments based on, but not limited to, admiralty law, maritime law, the United States postal manual, the Geneva Conventional Treaty, and the Uniform

Commercial Code (the "UCC"). *Id.* By order dated March 31, 2019, the Hon. Brian M. Cogan, U.S.D.J., held that there was no ascertainable claim for relief, dismissed Nowak's complaint, but allowed Nowak leave to amend his complaint. SUMF ¶ 14; ECF Doc. No. 64-4 (Ex. 4).

Nowak attempted to cure the defects of his original complaint in an amended complaint, dated April 19, 2019, and asserted claims for breach of contract, fraud in the factum, lack of jurisdiction, financial discrimination, and for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"). SUMF ¶ 15; ECF Doc. No. 64-5 (Ex. 5). Nowak also sought to discharge his debt and demanded $5,200,000 in damages. SUMF ¶ 15; ECF Doc. No. 64-5 (Ex. 5 at Jurat Affidavit of Fact and Truth, ¶ 32).

On June 18, 2019, Chase moved to dismiss Nowak's amended complaint and in opposition, Nowak regurgitated his earlier nonsensical arguments. SUMF ¶ 16; ECF Doc. No. 64-6 (Ex. 6). By decision dated August 14, 2019, the Hon. Brian M. Cogan, U.S.D.J., found that the amended complaint was "barely more comprehensible" than the original complaint, and dismissed the amended complaint in its entirety without granting Nowak leave to amend. SUMF ¶ 17; ECF Doc. No. 64-7 (Ex. 7).

Nowak appealed the 2018 EDNY Lawsuit dismissal order *pro se* to the Second Circuit of the United States Court of Appeals. *See Martin-Piotr Nowak v. JPMorgan Chase & Co. and JP Morgan Chase Bank, N.A.*, Second Circuit, Case No. 19-2981-CV (the "Second Circuit Appeal"). SUMF ¶ 18; Case No. 18-cv-04972-BMC-SJB at ECF Doc No. 30; *see also* Case No. 23-cv-06834 at ECF Doc No. 64-8 (Ex. 8). On April 1, 2021, the Second Circuit held that Nowak failed to state a claim and affirmed the dismissal of the 2018 EDNY Lawsuit. SUMF ¶ 18; Case No. 23-cv-06834 at ECF Doc No. 64-8 (Ex. 8).

**D. Nowak's Fraudulent Correspondence**

*Again*, separate and apart from the foreclosure action sand the EDNY Lawsuit, since 2017, Nowak and Continentalis Divitiae Express Trust (the "Trust Defendant"; collectively "Defendants") have sent no fewer than thirty-four (34) fraudulent letters to Chase, purporting to assert claims against Chase arising out of international commercial law, the UCC, admiralty law, maritime law, the Treaty of Marrakesh, the Treaty of Tripoli, the Articles of Confederation, the Law of Nature, the Treaty of Peace and Friendship, and the Holy Scriptures, to name a few. . SUMF ¶ 19; ECF Doc. Nos. 65-3 - 65-9 (Ex. 19).

Notably, this correspondence includes IRS Form 56, IRS Form W-8BEN, UCC Financing Statements, Private Registered Setoff Bonds, Affidavits of Truth, Hold Harmless Agreements, Legal Notices and Demands, Notice of Fault, Power of Attorney, and Notices of Dishonor and Opportunity to Cure—all types of documents that the United States Department of Justice and FBI have identified as documents commonly utilized by sovereign citizens (like Nowak) to further their fraudulent schemes. SUMF ¶ 20; ECF Doc. Nos. 65-3 - 65-9 (Ex. 19).

Although hard to glean from Defendants' rambling rhetoric in their fraudulent correspondence to Chase, as further discussed herein, the Sham Award appears to be based on several categories of documents, including notices of claim, fault notices, special notices of interest, and bills arising from those notices.

*i. Notices of Claim*

After defaulting on his loans, Nowak proceeded to inundate Chase with purported notices of claim, including a Common Law Copyright Notice dated October 15, 2018, Legal Notice and Demand dated October 15, 2018, Notice of International Commercial Claim dated March 2, 2020, Notice of Liability Regarding Trespass dated March 7, 2021, Claim notice dated June 13, 2022, and Claim notice dated August 18, 2022. SUMF ¶ 21; ECF Doc. Nos. 65-10 (Ex. 20).

These claim notices include fee schedules for the costs associated with Nowak's alleged pain and suffering (*e.g.*, "[f]or each court special appearance/general appearance . . . $150,000,000.00 (One Hundred Fifty Million)"; "[f]or each and any lawful/legal counter claim . . . $5,000,000 (Five Million) . . . per violation"), demands for documents, and demands for admissions. SUMF ¶ 22; ECF Doc. Nos. 65-10 (Ex. 20).

*ii. Fault/Default Notices*

When Chase did not respond to the nonsensical notices of claim, Nowak escalated his fraudulent scheme by sending to Chase a series of purported fault or default notices, including a Fault by Dishonor Notice dated August 18, 2022, Default by Dishonor Notice dated September 6, 2022, Certificate of Non-Response dated September 6, 2022, Fault by Dishonor Notice dated October 31, 2022, Certificate of Non-Response dated November 14, 2022, and Default by Dishonor Notice dated November 14, 2022. SUMF ¶ 23; ECF Doc. Nos. 65-11 (Ex. 21).

Through these notices, Nowak attempted to interpret Chase's silence to his fraudulent correspondence as acquiescence to Nowak unilaterally granting himself powers of attorney, confessions of judgment, discharge of liens, attachments, and bonds from Chase. *See* SUMF ¶ 24; ECF Doc. Nos. 65-11 (Ex. 21).

*iii. Special Notices*

Beginning in 2023, the Trust Defendant also sent notices to Chase, including several Special Notices of Interest dated April 15, 2023. SUMF ¶ 25; ECF Doc. Nos. 65-12 (Ex. 22).

These special notices were sent by the Trust Defendant, through Nowak as its "authorized representative," which purported to be an entity with rights to the Mortgaged Premises and interests in all prior notices, and fee demands, sent by Nowak to Chase. *Id.*

*iv. "True" Bills/Invoices*

Defendants also sent no fewer than five (5) purported bills and invoices, purporting to charge Chase *billions of dollars* in outstanding fees associated with Nowak's notices. These bills and invoices include the True Bill (Invoice) dated August 18, 2022, True Bill (Invoice) dated October 31, 2022, True Bill (Invoice) dated January 30, 2023, True Bill (Invoice) dated April 18, 2023, and True Bill (Invoice) dated April 30, 2023. SUMF ¶¶ 26-27; ECF Doc. No. 65-13 (Ex. 23). Specifically, the True Bill (Invoice) dated April 18, 2023 claims that Chase owes an award of $3,490,697,291.34 to Defendants while the True Bill (Invoice) dated April 30, 2023 claims that Chase owes an additional $326,491,501.77 towards that Sham Award. SUMF ¶ 28; ECF Doc. No. 65-13 (Ex. 23).

**E. <u>The 2023 Eastern District of New York Lawsuit</u>**

Nowak commenced an action *pro se* in the Southern District of New York on July 10, 2023, entitled *Nowak v. JPMorgan Chase Bank, N.A.*, bearing Docket No. 1:23-CV-05898, seeking to enforce the Sham Award. SUMF ¶ 29; Mawere Decl., Ex. 4. On July 24, 2023, the Southern District of New York terminated and transferred the action to the Eastern District of New York under a new action entitled *Nowak v. JPMorgan Chase Bank, N.A.*, bearing Case No. 2:23-CV-05783 ("2023 EDNY Lawsuit"). SUMF ¶ 30; Mawere Decl., Ex. 5. By Order dated December 8, 2023, the Court dismissed the 2023 EDNY Lawsuit and a dismissal judgment was entered by the Clerk of the Eastern District of New York, on December 11, 2023. SUMF ¶ 31; Mawere Decl., Ex. 6; *see also* Case No. 2:23-CV-05783 at ECF Doc. No. 14.

Significantly, the Hon. Brian M. Cogan, U.S.D.J, summarized the following deficiencies in the complaint in the 2023 EDNY Lawsuit: "there appears to be no diversity jurisdiction, as plaintiff's residence and defendant's principal office are both in New York, the federal claims alleged in the complaint are wholly insubstantial, such that plaintiff has not raised any actual

allegations or legal arguments that would bring his claims under the federal question jurisdiction of this Court." SUMF ¶ 32; Mawere Decl., Ex. 6. In dismissing the complaint under Federal Rules of Civil Procedure 4(m) and 12(h)(3), the Hon. Brian M. Cogan, U.S.D.J, found that "a liberal reading of the complaint does not give any indication that a valid claim may be stated by repleading, [thus] granting plaintiff leave to amend would be futile" before certifying pursuant to 28 U.S. Code § 1915(a)(3) that "any appeal would not be taken in good faith and therefore denie[d] *in forma pauperis* status on appeal." SUMF ¶ 33; Mawere Decl., Ex. 6; *see also* Mawere Decl., Ex. 7.

### F. <u>The Instant Litigation</u>

On August 3, 2023, Chase commenced this action by filing the instant Complaint/Petition for Declaratory Judgment. SUMF ¶ 34; ECF Doc. No. 1. Chase also filed an Order to Show Cause for Temporary Restraining Order and Preliminary Injunction. SUMF ¶ 35; ECF Doc. Nos. 5-8. Chase's Order to Show Cause for a preliminary injunction against Defendants was granted on September 15, 2023. SUMF ¶ 36; ECF Doc. No. 31. In relevant part, this Court noted:

> Defendants have sent fraudulent correspondence to Chase on multiple occasions claiming that Nowak has a near-four-billion-dollar arbitration award against Chase. Defendants appear to concede that the purported "award" is fictitious and fraudulent. Defendants took steps to seek enforcement of the fraudulent award in federal court in July 2023 . . . Defendants' arguments that Chase somehow accepted the validity of the award by estoppel or acquiescence, and that Defendants are entitled to the award by virtue of a federal statute, are meritless, substantially for the reasons set forth in Chase's reply (ECF No. 25 at 5-6).

*Id.*

Nowak filed a motion to dismiss Chase's Complaint on August 29, 2023, which Chase opposed and cross-moved to deem Defendants served. SUMF ¶ 37; ECF Doc. Nos. 26, 25, 32-34, 44-45. By Memorandum and Order entered on March 28, 2024, the Court denied Nowak's motion

to dismiss, and granted Chase's cross-motion to serve Defendants by email within 14 days of the issuance of the Memorandum and Order.[1] SUMF ¶ 38; ECF Doc. No. 46.

In accordance and compliance with Memorandum and Order dated March 28, 2024 (ECF Doc. No. 46), Chase served a copy of the Summons and Complaint on the Trust Defendant on March 28, 2024, by e-mail, and filed proof of service on March 29, 2024. SUMF ¶ 39; ECF Doc. No. 47. On April 18, 2024, Nowak served an Answer with Counterclaims on behalf of himself and the Trust Defendant. SUMF ¶ 40; ECF Doc. No. 48. On April 22, 2024, Chase filed a letter requesting that the Court find the Trust Defendant in default, strike the Answer with Counterclaims as to the Trust Defendant, and direct Nowak to amend his answer (SUMF ¶ 41; ECF Doc. No. 49), and, in response, the Trust Defendant served its objection by letter dated April 23, 2024 (SUMF ¶ 41; ECF Doc. No. 50). By Order dated April 26, 2024, the Court "deem[ed] the Trust Defendant in default1, notwithstanding the Trust Defendant's assertion that it does not need to be represented by counsel (See ECF No. 50)." SUMF ¶ 42; ECF Doc. No. 51. The Court also struck the Answer with Counterclaims as to the Trust Defendant. *Id.*

On May 1, 2024, Chase moved to seal ECF Doc. Nos. 7, 8, and 34 due to an inadvertent disclosure of Nowak's confidential information, which was granted on June 11, 2024. SUMF ¶ 43; ECF Doc. Nos. 53, 56). Chase subsequently filed redacted versions of ECF Doc. Nos. 7, 8, and 34. SUMF ¶ 44; ECF Doc. Nos. 64-66.

On May 22, 2024, Chase served a request pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1 for a Clerk's Certificate of Default against the Trust Defendant. SUMF ¶ 45; ECF Doc.

[1] The Memorandum and Decision also issued a final warning to the Trust Defendant that if counsel failed to appear on its behalf within 21 days of service of the Complaint, the Trust Defendant would be deemed in default.

Nos. 61-62. The Clerk's Certificate of Default as to the Trust Defendant was entered on May 24, 2024. SUMF ¶ 46; ECF Doc. No. 64.

Chase, on consent, requested an extension of time to respond to Nowak's counterclaims until June 24, 2024, which the Court granted. SUMF ¶ 47; ECF Doc. No. 57. Chase served its Answer to Nowak's counterclaims on June 24, 2024. SUMF ¶ 48; ECF Doc. No. 67. Chase, on consent, also requested that the May 21, 2024 Preliminary Conference be adjourned until July 16, 2024, which the Court granted. SUMF ¶ 49; ECF Doc. No. 59.

Chase now moves for summary judgment as against Nowak, and for a stay of discovery pending determination of this motion.

## LEGAL STANDARD

### A. Summary Judgment

Summary judgment should be granted when the movant demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment can be brought "at any time," including before discovery. Fed. R. Civ. P. 56(b). A pre-discovery motion for summary judgment should be granted "where it is clear that the nonmoving party cannot defeat the motion by showing facts sufficient to require a trial for resolution . . . ." *XL Specialty Ins. Co. v. Agoglia*, No. 08 Civ. 3821(GEL), 2009 US Dist LEXIS 36601, at *17 (S.D.N.Y. Apr. 30, 2009) (citing *Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Discovery is not appropriate when the non-moving party merely intends to use discovery as a "fishing expedition." *Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966).

## LEGAL ARGUMENT

### A. Chase is Entitled to Summary Judgment On Its Claims

#### *i. Chase is Entitled to a Permanent Injunction*

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See United States SEC v. Citigroup Global Mkts.*, 752 F.3d 285 (2d Cir. 2014); *see also eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010). The traditional principles of equity are the presumptive standard for injunctions in any context, be they preliminary or permanent. *Salinger*, 607 F.3d at 78; *see also World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp*., 694 F.3d 155, 160-61 (2d Cir. 2012). Here, Chase is entitled to a permanent injunction against Nowak.

As an initial matter, Chase has suffered irreparable injury because of Nowak's efforts to enforce the Sham Award because its business reputation has been harmed and Nowak's continued efforts to collect on the Sham Award are incessant and harassing. Anything shy of an order requiring Nowak to cease his efforts to collect on the Sham Award and any related debt, including the harassing correspondence to Chase regarding that fake debt, would be insufficient. The only way Nowak will stop his frivolous filings and collection efforts is through an order of the Court.

Further, with respect to a balancing of the hardships, Nowak is a sovereign citizen who defaulted on his loan obligations and is now trying to collect a fraudulent debt against his financial institution. Chase, on the other hand, is a secured creditor with a Constitutionally protected property interest in its lien against the Mortgaged Property. Chase is merely trying to collect the

debt that it is owed, and Nowak is attempting to thwart its efforts through his fraudulent conduct. Therefore, the equities clearly balance in Chase's favor.

Lastly, the public interest certainly would not be disserved by a permanent injunction and rather, the public interest would be better served by a permanent injunction in this case. Nowak is a sovereign citizen who seemingly does not believe he is subject to the laws of the United States. Allowing Nowak to avoid his debt obligation and continue to pursue a fraudulent monetary award against his lender is inherently unfair to all members of the public who actually pay their debt obligations. Thus, the public interest would not be disserved.

*ii. Nowak Has Violated RICO*

RICO provides a claim for "any person" who is "injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). The essential elements of a RICO claim are (1) a violation of section 1962, and (2) injury to "business or property" which is proximately caused by the violation. *See City of New York v. Jam Consultants*, 889 F. Supp. 103 (S.D.N.Y. 1995); *see also Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990). To state a claim under 18 U.S.C. § 1962(c), a plaintiff must show (1) that the defendant (2) through the commission of two or more predicate acts (3) constituting a pattern (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in or participates in, (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. *See* 18 U.S.C. § 1962(a)-(c); *see also Philan Ins. v. Frank B. Hall & Co.*, 748 F. Supp. 190 (S.D.N.Y. 1990) (citing *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984)). Likewise, in a civil case, to have standing to bring a claim the plaintiff must also show that its injury was "by reason of" the commission of the predicate acts. *Sedima, S.P.R.L. v. Imrex Co, Inc.*, 473 U.S. 479, 496 (1985).

Further, to establish a conspiracy to violate the civil RICO statute pursuant to 18 U.S.C. § 1962(d), plaintiffs must prove (1) that there existed a conspiracy to commit acts that, if successful, would constitute a substantive civil RICO violation; (2) that defendant agreed to join in, and knowingly participated in, that conspiracy; and (3) that defendant acted in furtherance of the conspiracy in some manner (although not necessarily by the commission of any RICO predicate acts himself). *See In re Chester Park View, LLC*, No. 23-CV-5432(CS), U.S. Dist. LEXIS 98461 (S.D.N.Y. May 29, 2024) (citing *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*, 667 F. Supp. 3d 83, 123 (S.D.N.Y. 2023).

Here, in granting Chase a preliminary injunction, this Court has *already* recognized that Nowak has "sent fraudulent correspondence to Chase on multiple occasions claiming that Nowak has a near-four-billion arbitration award," Nowak and the defaulted Trust Defendant have unsuccessfully tried to enforce the Sham Award, and Chase filed the instant lawsuit to prevent Nowak and the defaulted Trust Defendant from continuing to attempt to enforce the Sham Award, all of which form the basis of Chase's RICO claim. SUMF ¶ 36; ECF Doc. No. 31. Accordingly, Chase respectfully requests that this Court grant its request for attorneys' fees and costs pursuant to 18 U.S.C. § 1962(c). *See* 18 U.S.C. § 1964(c) ("any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorneys' fee."); *see also Fleetwood Servs. v. Ram Cap. Funding, LLC*, No. 20-cv-5120 (LJL), 2023 U.S. Dist. LEXIS 2121 (S.D.N.Y. Jan. 5, 2023) (holding plaintiff that recovered on RICO claim may recover attorney's fees pursuant to sections 1962 and 1964).

*iii. Nowak Should be Barred from Filing Future Cases*

Even if Chase were not entitled to attorneys' fees under 18 U.S.C. § 1962(c)—which it is—Nowak is clearly a vexatious litigant. In determining whether to restrict a litigant's future

ability to sue, a court must consider whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. *See Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713 (2d Cir.), *cert. denied*, 140 S. Ct. 380, (2019) (cleaned up). Courts "have identified five factors to be considered in deciding whether to impose an anti-filing injunction: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 714 (citation omitted). Here, Nowak filed the 2018 EDNY Lawsuit, took steps to enforce the Sham Award in the 2023 EDNY Lawsuit, and continues to seek enforcement of his Sham Award in the instant litigation. Indeed, throughout the Answer, Nowak and the defaulted Trust Defendant still assert their supposed right to enforce the Sham Award and to continue to proceed in an illegal manner. Chase respectfully requests that Nowak and the defaulted Trust Defendant be precluded from filing *any* future cases with the Court in connection with the Sham Award, the pending foreclosure actions, and relatedly be precluded from continuing to inundate Chase with any correspondence regarding same.

*iv. Alternatively, Nowak Should be Sanctioned*

Fed. R. Civ. P. 11(b) requires an unrepresented party filing a "pleading, motion, or other paper" to certify, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have

> evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*See* Fed. R. Civ. P. 11(b).

"[I]f the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion." *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-cv-885, 2019 U.S. Dist. LEXIS 17575 at *6-*7 (S.D.N.Y. Feb. 4, 2019) (citing *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (citation omitted). The liberal treatment afforded to *pro se* litigants does *not* exempt a self-represented parties from compliance with relevant rules of procedural and substantive law. *See Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation omitted). Nowak's counterclaims are in violation of Fed. R. Civ. P. 11, notwithstanding the fact that Nowak is *pro se.* Accordingly, Chase is entitled to monetary sanctions for defending against Nowak's frivolous counterclaims, the majority of which relate back to the foreclosure actions, and none of which are meritorious.

### B. <u>The Majority of Nowak's Counterclaims and Defenses are Barred by Res Judicata</u>

Nowak's counterclaims for perjury (Count I), forgery (Count II), unjust enrichment (Count III) and recoupment (Count VI), all relate to the CEMA, which was the subject of the prior state court foreclosure action which was decided against Nowak. Therefore, all of these counterclaims are barred by res judicata. Further, in addition to res judicata, Nowak's claims do not warrant further consideration under the *Rooker-Feldman* and the *Younger* abstention doctrines because

they pertain to claims that were previously litigated in the state court proceedings; however, the Court need not consider these doctrines to dismiss Nowak's counterclaims *with* prejudice.

As a result of the final judgment in the CEMA Foreclosure Action, Counterclaims I, II, III, and VI (and defenses 4, 10, 12 and 15) are barred by the doctrine of res judicata.[2] The doctrine of res judicata, also known as claim preclusion, bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *See Brodsky v. N.Y. City Campaign Fin. Bd.*, 796 Fed. Appx. 1 (2d Cir. 2019); *see also Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Whether a judgment in a prior action will have preclusive effect "depends in part on whether the same transaction o[r] series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (cleaned up). "Where all requirements are met, res judicata can act as a bar to virtually any sort of claim[.]" *Id.* at 290.

For purposes of the doctrine of res judicata, a "dismissal for failure to state a claim is a final judgment on the merits." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (cleaned up). Likewise, in this Circuit, "literal privity is not a requirement for res judicata to apply." *Monahan*, 214 F.3d at 285. "[A] party will be bound by the previous judgment if his interests were adequately represented by another vested with the authority of representation." *Id.* at 285 (cleaned up). Moreover, the doctrine of res judicata is based, among other things, "on the

[2] Nowak's affirmative defenses 1, 2, 3, 11, 13,14, 16, 17, and 19 do not actually state defenses or are nonsense. Nowak's affirmative defenses 5, 6, 7, 9 and 18 actually attempt to continue to defend his improper actions, and that of the defaulted Trust Defendant, in seeking and trying to enforce the Sham Award and should be stricken as well.

requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." *Id.*

In this case, the final Judgment of Foreclosure and Sale dismissing Nowak's counterclaims in the CEMA Foreclosure Action is a final judgment on the merits with respect to the claims raised by Nowak against Chase in the present action. Most of Nowak's counterclaims in this case relate to the validity of the underlying debt instrument as well as his claim that Chase is obliged to pay Nowak pursuant to a fraudulent debt instrument. As such, all of Nowak's claims either were, could have been or should have been raised as a set off claim in the underlying foreclosure. Accordingly, Nowak's counterclaims and affirmative defenses are a collateral attack on the CEMA Foreclosure Action and are barred as res judicata.

Further, federal courts have an obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp*. 546 U.S. 500, 514 (2006). The *Rooker-Feldman* doctrine stands for the principle that federal district courts lack subject matter jurisdiction over suits that are, in actuality, appeals from state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *Hoblock v. Albany Cnty. Bd. Of Elections,* 422 F.3d 77, 84 (2d Cir. 2005) (hereinafter, "*Hoblock*"). "The [*Rooker-Feldman*] doctrine applies when a litigant seeks to reverse or modify a state court judgment, or asserts claims that are inextricably intertwined with state court determinations." *Nan Sung Park v. City of N.Y.*, 2003 U.S. Dist. LEXIS 578, at *22-23 (S.D.N.Y. Jan. 16, 2003) (cleaned up). The Court must consider four requirements to determine whether the *Rooker-Feldman* doctrine deprives it of subject-matter jurisdiction: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4)

the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 22 F.3d at 85.

In the Second Circuit, it is well-settled that "any attack on a judgment of foreclosure is . . . barred by the *Rooker-Feldman* doctrine." *Feinstein v. Chase Manhattan Bank*, No. 06-CV-1512 (JFB)(ARL), 2006 U.S. Dist. LEXIS 16507, at *6 (E.D.N.Y. Apr. 4, 2006) (dismissing complaint and collecting cases); *accord*, *Gonzalez v. Ocwen Home Loan Servicing*, 74 F.Supp.3d 504, 513-514 (D. Conn. 2015) (dismissing complaint and collecting cases); *Cunningham v. Bank of N.Y. Mellon N.A.*, No. 14-CV-7040(JS)(ARL), 2015 U.S. Dist. LEXIS 88717 (E.D.N.Y. July 8, 2015) (dismissing complaint); *Andrews v. Citimortgage, Inc.*, No. 14-CV-1534(JS)(AKT), 2015 U.S. Dist. LEXIS 43027 (E.D.N.Y. Mar. 31, 2015) (dismissing complaint and collecting cases).

In this action, the entirety of the allegations are that Chase lacked standing to foreclose, which plainly constitutes an attack on the Judgement of Foreclosure and Sale entered by the Nassau County Supreme Court. *See* SUMF ¶ 10; Mawere Decl., Ex. 1. Accordingly, Nowak's claims herein are indisputably and inextricably intertwined with the foreclosure actions, and to consider whether Chase had standing to bring the foreclosure actions "would effectively require [this Court] to vacate the [Foreclosure Judgment] issued by the [Nassau County Supreme Court]," in violation of the *Rooker-Feldman* doctrine. *Estate of Keys v. Union Planters Bank, N.A.*, 578 F.Supp.2d 629, 637 (S.D.N.Y. 2008) (quoting *Grumbkow v. Greenpoint Bank*, 132 F. App'x 913, 914 (2d Cir. 2005)). Accordingly, because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, Nowak's counterclaims must be dismissed. *Kontrick v. Ryan*, 540 U.S. 443, 455, (2004) (when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety).

Dismissal is also warranted because this Court lacks subject matter jurisdiction. Under the *Younger* abstention doctrine, this Court is compelled to abstain from exercising jurisdiction over Nowak's claims, regardless of their merits. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). In the "interests of comity and federalism," the *Younger* abstention doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984). Thus, a federal court should abstain from interfering with pending state litigation when: (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review in the state courts of his constitutional claims. *Gentner v. Shulman*, 55 F.3d 87, 88-90 (2d Cir. 1995). Courts in this circuit have concluded that abstention is appropriate when a plaintiff commences a federal action overlapping with an ongoing state foreclosure proceeding. *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 US Dist. LEXIS 137742 at *8-*10 (E.D.N.Y. Oct. 8, 2015); *Fequiere v. Tribeca Lending*, No. 14 CV 812 (RRM)(LB), 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by *Younger v. Harris*'").

Judgment of Foreclosure and Sale was granted against Nowak in the CEMA Foreclosure Action. Thus, a state court action is pending, important state interests in contractual and property rights are implicated, and there is no reason why all issues raised by Nowak in the instant action concerning the mortgage loan could not have been raised resolved in the pending CEMA Foreclosure Action. Moreover, all of Nowak's claims alleging violations of the "constitution" or certain constitutional rights must be dismissed under the doctrine. All of Nowak's claims, to the

extent Nowak asserts them, were, could, and should have been determined in the CEMA Foreclosure Action.

In addition to being barred by various preclusion doctrines, Nowak's claims also fail to state *any* claim. For example, Nowak's fraud-related claims fail as a matter of fact and law. More specifically, Nowak's perjury, counterfeiting, and forgery claims are inadequately pled and furthermore, cannot be cured by amendment. SUMF ¶ 40; ECF Doc. No. 48.

To prevail on a claim of common law fraud in New York, a plaintiff must show (1) a false representation of material fact, (2) an intent to defraud, and (3) reliance. *See Chanayil v. Gulati*, 169 F.3d 168, 171 (2d Cir. 1999). Furthermore, common law fraud claims are subject to the particularity requirements of Rule 9(b). *See Filler v. Hanvit Bank*, 156 Fed. Appx. 413 (2d Cir. 2005); *see also* F.R.C.P. 9(b); *Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York*, 375 F.3d 168, 187 (2d Cir. 2004). Here, Nowak has not plead, let alone shown, any facts to suggest that Chase made a false representation of material fact to him, that it had an intent to defraud him or that he relied on any representations made by Chase. In any event, Nowak does not state with particularity the circumstances of any alleged fraud as required by Fed. R. Civ. P. 9(b), nor could he. Nowak's incoherent ramblings regarding his fraudulent debt instrument also do not support a claim for fraud because they are implausible on their face (an award for almost 4 billion dollars) and do not satisfy the heightened pleading requirement for fraud.

In addition, Nowak's claim for unjust enrichment is barred by the terms of the contracts, *i.e.*, the CEMA and HELOC. *Natl. Westminster Bank PLC v. Retirement Care Assoc., Inc.*, No. 98 Civ. 6023 (JSM), 1999 US Dist LEXIS 5807, at *11 (S.D.N.Y. Apr. 22, 1999) ("Where there is an enforceable written contract governing the particular subject matter, the claims based on

quasi-contract theories, such as unjust enrichment . . . can be dismissed because they are duplicative of the breach of contract claim.”).

Finally, Nowak's claims for recoupment concerning alleged issues with the CEMA under numerous theories all fail for various reasons, most notably because they are barred by res judicata and need not be considered further and do not state *any* claims other than a laundry list of statutes.

**C. Nowak Cannot State a Claim for Public Disclosure**

In Counterclaim II, Nowak contends that Chase violated 15 U.S.C. § 6801 by disclosing his social security number in this litigation (Counterclaim II), however, section 6801 does not afford a litigant a private right of action. Accordingly, Nowak cannot recover against Chase for any inadvertent disclosure of confidential information. *See* 15 U.S.C. § 6805(a) (“[t]his subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction . . .”); *see also Menton v. Experian Corp.*, 2003 U.S. Dist. LEXIS 12457 (S.D.N.Y. Jul. 17, 2023) (holding that section 6801 does not afford consumers a private right of action). Even if Nowak could state a claim for the inadvertent disclosure of his confidential information—which he cannot—Chase has already moved to seal such information, which was granted by the Court, and has filed redacted pleadings. SUMF ¶¶ 43-44; ECF Doc. Nos. 53, 56, 64-66. Accordingly, Nowak cannot state a claim and it should be dismissed *with* prejudice.

**D. Nowak's Trademark Infringement Claim Fails As A Matter of Fact and Law**

In Counterclaim III, Nowak asserts a frivolous and incoherent claim for trademark infringement, apparently because Nowak's name has been identified in court proceedings. Although one's name or surname may acquire secondary meaning and become a trademark, “it will generally continue to serve the important function to its bearer of acting as a symbol of that

individual's identity as distinguished from that of any business, corporation or otherwise, with which he has been associated." *Rauch Indus., Inc. v. Radko*, 2022 U.S. Dist. LEXIS 45098 (S.D.N.Y. Mar. 14, 2022) (citing *JA Apparel Corp. v. Abboud*, 568 F.3d 390 (2d Cir. 2009) (quotations omitted)). Additionally, the elements of federal trademark infringement under the Lanham Act are (1) the plaintiff "owns a valid, protectable trademark," (2) "the defendants used the registrant's trademark in commerce and without consent," and (3) "there was a likelihood of consumer confusion." *Pearson Educ., Inc. v. Labos*, 2021 U.S. Dist. LEXIS 189856 (S.D.N.Y. Sep. 30, 2021) (citing *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp 3d 137, 153 (E.D.N.Y. 2016)). Here, the use of Nowak's name as a party cannot possibly infringe upon any viable or legitimate trademark and this claim needs no further analysis.

**E. <u>Discovery Should be Stayed Pending a Resolution of this Motion.</u>**

This Court should stay discovery pending the Court's consideration of this motion. Fed. R. Civ. P. 26(c) "allows [a] district court to stay discovery upon a showing of 'good cause.'" *See Siemens Credit Corp. v. Am. Transit Ins. Co.*, No. 00 CIV. 0880 (BSJ), 2000 U.S. Dist. LEXIS 6014, at *1-2 (S.D.N.Y. May 3, 2000) (quoting Fed. R. Civ. P. 26(c)). Good cause may be shown when, as here, "a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, No. 08 Civ. 2437 (RJS), 2008 U.S. Dist. LEXIS 133066, at *7 (S.D.N.Y. June 12, 2008). Good cause also exists when, as here, there is a colorable dispositive motion pending, the stay is "limited to the time required for the Court to decide on the motion[]," there is no concern that "a limited stay of discovery will result in the destruction or loss of relevant evidence[,]" and the requested discovery would not aid in the resolution of that motion. *See id*. at *8-9. Accordingly, Chase respectfully requests that the Court should therefore stay all discovery obligations in this action until at least such time as the Court resolves this motion.

## CONCLUSION

Based upon the foregoing, Chase respectfully requests that this Court grant its motion for summary judgment motion, enter a permanent injunction against Nowak, award Chase its attorneys' fees and costs, enter an order staying discovery, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 24, 2024

**REED SMITH LLP**

*/s/ Natsayi Mawere*
Natsayi Mawere
Diane A. Bettino
599 Lexington Avenue
New York, NY 10022
Tel (212) 521-5400
Fax (212) 521-5450

*Attorneys for Plaintiff-Petitioner*
*JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I, Natsayi Mawere, hereby certify that on June 24, 2024, I caused a copy of the foregoing to be served upon the defendant named below by first class mail, and electronic mail as follows:

Martin Piotr Nowak
5 Union Square West, Suite 1370
New York, NY 10003
admin@continentalisdivitiae.com
trustee@continentalisdivitiae.com

*Pro Se* Defendant

Dated: New York, New York
June 24, 2024

**REED SMITH LLP**

*/s/ Natsayi Mawere*
Natsayi Mawere